NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 24 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CINDY WARNER,

        Plaintiff - Appellant,

  v.

AMAZON.COM, INC., a Delaware corporation; AMAZON WEB SERVICES, INC.; TODD WEATHERBY, in his individual and professional capacities,

        Defendants - Appellees.

No. 24-3524

D.C. No.
5:21-cv-00866-JWH-DTB

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
John W. Holcomb, District Judge, Presiding

Submitted October 22, 2025**
Pasadena, California

Before: R. NELSON and VANDYKE, Circuit Judges, and COLE, District

Judge.***

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\*     The Honorable Douglas Russell Cole, United States District Judge for the Southern District of Ohio, sitting by designation.

Plaintiff-Appellant Cindy Warner (Warner) requests we vacate and reverse the district court order granting Defendant-Appellee Amazon's motion to dismiss with prejudice. We have jurisdiction under 28 U.S.C. § 1291. The court reviews this appeal de novo using the standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). We affirm the district court's order.

1.      Warner has failed to allege sufficient factual matter to state a plausible claim to relief for her discrimination claim under both Title VII and California's Fair Employment and Housing Act (FEHA). *See Ashcroft*, 556 U.S. at 678. Warner fails to allege that she experienced an adverse employment action because of a protected trait. *See Wood v. City of San Diego*, 678 F.3d 1075, 1081 (9th Cir. 2012). While Warner does show that a male comparator, Dave Lavanty (Lavanty) was treated better than her by her superior Todd Weatherby (Weatherby), she does not allege any facts to show that Weatherby did so because of her gender. Further, Warner does not allege sufficient facts demonstrating that her gender motivated a lack of promotion, termination, disparity in pay, or any other mistreatment.

2.      Warner has also not pled facts that support a plausible claim for relief under the federal Equal Pay Act (EPA) and its California equivalent (CEPA). Warner identifies Lavanty as an employee of the opposite sex who shared a "common core of tasks" but was "paid [a] different wage[] for equal work." *Freyd*

*v. Univ. of Or.*, 990 F.3d 1211, 1219–20 (9th Cir. 2021) (quotation omitted).  But Warner then alleges that Lavanty was her superior after his promotion, effectively undermining her claim that he was a "substantially equal" employee.  *See Freyd*, 990 F.3d at 1220.  Warner does not effectively identify another male comparator and thus fails to allege facts supporting her claim of discrimination under either the EPA or the CEPA.

3.      Finally, Warner has not alleged facts supporting a plausible claim that she faced retaliation under Title VII, FEHA, or CEPA.  While Warner was eventually terminated by Amazon, she has failed to provide a "causal link between [her] protected activity and the adverse employment action."  *Poland v. Chertoff*, 494 F.3d 1174, 1180 (9th Cir. 2007).[1]  Warner proactively informed Weatherby that she was unhappy in her specific division and wanted "to move on within Amazon."  Amazon gave her sixty days to find a new position within Amazon, only terminating her after that period.  Because Warner asked to move departments and was given two months to do so,[2] Warner has failed to plead sufficient facts to

---

[1] We do not suggest that a plaintiff must provide the causal link in the complaint so much as plead facts that give rise to a plausible inference that she may be able to establish the causal link with the benefit of discovery.

[2] Given Warner's desire to leave her position, and Amazon granting her the chance to find another position in the company after her alleged protected activity, a "jury logically could [not infer Warner] was terminated in retaliation for" her protected activity based on solely the time between the alleged protected activity and her

establish the necessary causal nexus between her termination and protected activity.

**AFFIRMED.**

---

termination. *Coszalter v. City of Salem*, 320 F.3d 968, 977–78 (9th Cir. 2003) (citation omitted).

24-3524